AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jesus Andrade Herrera (DOB X/XX/1981), Patricia Andrade Gomez (DOB X/XX/1986), Fernando Gomez (DOB X/XX/1985), and Yesica Alvarez (DOB X/XX/1982), | ) ) ) ) ) | Case No. 25-M-581 (SCD) |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of October 18, 2025 in the county of Milwaukee in the Eastern District of Wisconsin, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §841(a)(1); & 18 U.S.C. § 924(c) | Possession with the Intent to Distribute Controlled Substances (as to all above-listed defendants) and Possession of a Firearm in Furtherance of Drug Trafficking (as to Andrade Gomez and Gomez). |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

Mark Haleen

Digitally signed by Mark Haleen
Date: 2025.10.19 16:43:29 -05'00'

*Complainant's signature*

Mark Haleen, FBI TFO
*Printed name and title*

Sworn via telephone; transmitted via email pursuant to Fed. R. Crim. 4.1

Date: 10-20-25

Stephen C. Dries
*Judge's signature*

City and state: Milwaukee, Wisconsin    Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINTS

I, Mark A Haleen, a Detective with the Village of Mount Pleasant Police Department and Task Force Officer with the Federal Bureau of Investigation, being duly sworn, depose and state:

### I. INTRODUCTION

1. I am a sworn law enforcement officer with the Village of Mount Pleasant and a sworn Task Force Officer with the Federal Bureau of Investigation (FBI), with authority to investigate federal offenses including violations of Titles 18 and 21 of the United States Code.

2. This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaints and arrest warrants and does not set forth all my knowledge about this matter.

4. I have been employed as a law enforcement officer with the Village of Mount Pleasant (Wisconsin) since September 2010 and a sworn Federal Task Force Officer with the FBI since January 2020. I have obtained a Bachelor of Science Degree in Sociology from Central Michigan University. I have been involved in the enforcement and investigation of numerous violations of federal and state law to include drug trafficking investigations, firearm trafficking investigations, and violent crime related cases. I have personally conducted and participated in numerous

1

investigations that have given me familiarity with the various methods that criminals use to conduct illicit firearm and narcotics transactions in violation of federal law.

5. As part of my duties, I investigate criminal violations relating to narcotics trafficking, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 21, United States Code, Sections 841, 843, and 846. I have participated in investigations that have led to the issuance of search warrants involving violations of narcotics laws. These warrants involved the search of locations including the residences of targets, their associates, and relatives, "stash houses" (houses used as drug/money storage locations), storage facilities, bank safe deposit boxes, cellular/camera phones, and computers. Evidence searched for and recovered in these locations has included controlled substances, records pertaining to the expenditures and profits realized therefrom, monetary instruments, and various assets that were purchased with the proceeds of the drug trafficking. I have participated in the execution of multiple federal search warrants. As part of my duties, I also investigate criminal violations relating to unlawfully possessed firearms, firearms trafficking, and possession of machineguns including criminal violations of Federal firearms laws, including, but not limited to Title 18, United States Code, Sections 922, 933, and 924.

I. **PROBABLE CAUSE**

A. **Background of Investigation**

6. I have been investigating Jesus Andrade Herrera ("Andrade Herrera"), who I believe to be distributing large quantities of cocaine throughout Milwaukee, Wisconsin, and elsewhere. Through this investigation, case agents learned that Andrade Herrera resides at 816 South 115th Street, West Allis, Wisconsin, along with his sister, Patricia Andrade Gomez, and her husband, Fernando Gomez. Through the investigation, case agents also learned that Andrade Herrera is in a dating relationship with Yesica Alvarez and that he uses her residence, 1915 W. Morgan Avenue,

2

Case 2:25-mj-00581-SCD     Filed 10/20/25     Page 3 of 6     Document 1

Milwaukee, Wisconsin, to receive, package, and store cocaine. Through the investigation, case agents learned that Andrade Gomez, Gomez, and Alvarez assist Andrade Herrera in drug trafficking. Evidence reflects that once Andrade Herrera, Andrade Gomez, and/or Gomez obtain the cocaine, Andrade Herrera and/or Andrade Gomez have contact with various Milwaukee area co-conspirators and supplies them with cocaine for further distribution.

### Execution of Search Warrants on October 18, 2025 at 1915 W. Morgan Avenue and 816 S. 115th Street

7. On October 18, 2025, case agents executed federal search warrants at 816 South 115th Street and 1915 W. Morgan Avenue. Andrade Herrera was located on the porch of 1915 W. Morgan Avenue, Andrade Gomez was located within 816 South 115th Street, Fernando Gomez was located within 816 South 115th Street, and Yesica Alvarez was located on the porch of 1915 W. Morgan Avenue.

8. A search of 816 South 115th Street revealed:

   a. Approximately 5.8g of suspected cocaine found in drawer in Andrade Gomez/Gomez's shared bedroom;
   b. Approximately 2.4g suspected of cocaine found inside a jar in Andrade Gomez/Gomez's shared bedroom;
   c. Taurus pistol S/N AEG548762 found under bed in in Andrade Gomez/Gomez's shared bedroom;
   d. Smith & Wesson pistol S/N FEF6270 found in headboard compartment in Andrade Gomez/Gomez's shared bedroom;
   e. Ghost P80 pistol with no serial found in headboard compartment in Andrade Gomez/Gomez's shared bedroom;
      i. I am familiar with the use of "ghost guns," by those that are engaged in criminal conduct, including drug traffickers and firearm traffickers. "Ghost guns" based on my training and experience are guns which are purchased unassembled and are later assembled and are in fact a functioning weapon, but these pre-assembled weapons do not have serial numbers associated and are untraceable.
   f. Ghost P80 pistol with optic and no serial found in headboard compartment in Andrade Gomez/Gomez's shared bedroom;
   g. Approximately 4.6g of suspected cocaine in two separate baggies found inside a green camo wallet on Gomez's person; and

3

      h. 0.8g of suspected cocaine in a plastic baggie found in the front right pocket of Fernando Gomez;

9. A search of 1915 W. Morgan Avenue revealed:

      a. Approximately 627.3g of suspected cocaine found inside a basement safe;
      b. Approximately 422.2g of suspected cocaine found inside a basement safe;
      c. Approximately 36.6g of suspected cocaine found in a dresser in the north bedroom (Alvarez's bedroom);
      d. Approximately 3.9g of suspected THC inside a purse in the north bedroom (Alvarez's bedroom);
      e. Approximately 7.0g of suspected cocaine found inside a purse in the north bedroom (Alvarez's bedroom); and
      f. Approximately 7.7g of suspected cocaine found inside a folded $5 bill inside a pouch in the north bedroom dresser (Alvarez's bedroom).

10. All of the substances referenced above were field tested by case agents, said tests returned presumptive positive results for the controlled substances as noted above.

11. Based upon training, experience, and the investigation to date, case agents are aware that these quantities of cocaine are not consistent with a personal use quantity of cocaine and instead, is consistent with the possession of cocaine with the intent to further distribute the cocaine. Further, based upon said training, experience, and investigation, case agents are aware that the firearms recovered are consistent with being used in furtherance of said drug trafficking offense.

12. Case agents conducted *Mirandized* interviews of Andrade Herrera, Andrade Gomez, and Alvarez. In sum: Andrade Herrera told case agents where to find the one kilogram of cocaine within the residence at 1915 W. Morgan Avenue. He said that Andrade Gomez, Gomez, and Alvarez were uninvolved. Alvarez admitted that she possessed the cocaine located within her bedroom and that she sold cocaine.

## **CONCLUSION**

13. Based on the information above, I submit that there is probable cause to believe that on October 18, 2025, Jesus Andrade Herrera, Patricia Andrade Gomez, Fernando Gomez, and Yesica

Alvarez, violated 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances), and that, on that same date, Andrade Gomez and Gomez also violated 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime).